UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRACE JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| | ) Case No. 21-cv-4961 |
| v. | ) ) |
| ARAMARK UNIFORM SERVICES, LLC, and ARAMARK UNIFORM & CAREER APPAREL, LLC, | ) **JURY TRIAL DEMANDED** ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

NOW COMES Plaintiff, TERRACE JOHNSON, by and through his counsel, Antonio L. Jeffrey of Jeffrey & Erwin, LLP, complains of Defendants ARAMARK UNIFORM SERVICES, LLC, and ARAMARK UNIFORM & CAREER APPAREL, LLC, and states as follows:

### JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

### JURISDICTION & VENUE

1. This action is brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et. seq., the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1 et seq., 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

2. Venue is proper in this Court under 28 U.S.C. § 1391, as Defendants reside in this District, all of the events or omissions giving rise to these claims occurred in this District, and Plaintiff was hired and terminated by Defendants in this District.

1

## PARTIES

3. Plaintiff, TERRACE JOHNSON ("Plaintiff"), is and was at all times relevant to this Complaint an adult African-American employed by Defendants, ARAMARK UNIFORM SERVICES, LLC, and ARAMARK UNIFORM & CAREER APPAREL, LLC, at its facility located at 4200 S. Halsted, Chicago, Cook County, Illinois, 60609. Plaintiff was harmed by Defendant in this County.

4. Defendant ARAMARK UNIFORM SERVICES, LLC is a Delaware company duly organized and doing business at 4200 S. Halsted, Chicago, Cook County, Illinois 60609. It has obligations as an indemnitor of conduct of its employees and officers under at least 745 ILCS 10/2-301, *et seq.* and 745 ILCS 10/9-101, *et seq*. Defendant harmed Plaintiff in Chicago, Cook County, Illinois. Further, Defendant is an "employer" as defined by the IHRA and Title VII.

5. Defendant ARAMARK UNIFORM & CAREER APPAREL, LLC is a Delaware company duly organized and doing business at 4200 S. Halsted, Chicago, Cook County, Illinois 60609. It has obligations as an indemnitor of conduct of its employees and officers under at least 745 ILCS 10/2-301, *et seq.* and 745 ILCS 10/9-101, *et seq*. Defendant harmed Plaintiff in Chicago, Cook County, Illinois. Further, Defendant is an "employer" as defined by the IHRA and Title VII.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. On or about April 23, 2020, Plaintiff timely filed a Charge of Discrimination alleging race discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 440-2020-01509. That charge was cross-filed with the Illinois Department of Human Rights ("IDHR"), Charge No. 2020CR3118.

7. On June 22, 2021, EEOC issued Plaintiff a Notice of Right to Sue, as to his Title VII claims, allowing him 90 days from receipt of that notice in which to file suit.

8.  On August 4, 2021, the IDHR issued Plaintiff a right to commence a civil action regarding his state law claims (Charge No. 2020CR3118).

9.  Therefore, Plaintiff's Complaint is being filed in a timely manner and Plaintiff has fully complied with all prerequisites to jurisdiction in this Court.

## **UNDERLYING FACTS COMMON TO ALL COUNTS**

10. Plaintiff is an African-American.

11. Defendants were apprised of Plaintiff's race.

12. Plaintiff was hired by Defendants on September 9, 2019. Plaintiff was hired as a Route Service Support at its facility located at 4200 S. Halsted, Chicago, Illinois 60609.

13. Plaintiff's hourly rate of pay was $22.25 per hour, plus time and a half for overtime.

14. Plaintiff performed his job satisfactorily, within Defendants legitimate expectations, until he was wrongfully terminated on December 10, 2019.

15. Plaintiff noticed that although he was consistently working overtime, he was not being paid for it.

16. Plaintiff contacted human resource representative, Susana Pierce, who informed him that his probation period had been extended by two weeks. She then said that the General Manager, Adrian Georgopoulos, stated he had spoken to Plaintiff about this issue. Plaintiff responded that Mr. Georgopoulos had not spoken to him. Ms. Pierce then stated she would put this information in an email and contact Plaintiff at a later date.

17. After about a month, and Plaintiff had not heard from Ms. Pierce, he contacted Ms. Pierce again regarding his unpaid wages. She then advised that Plaintiff contact the corporate office.

18. Exercising his protected right, Plaintiff immediately contacted Defendants' corporate office and learned that, without Plaintiff's knowledge or consent, his job title had been changed from Route Service Support (an hourly position) to Route Service Representative (a commission-based position).

19. Plaintiff discussed this matter with his immediate supervisor, Schedrick Tabor, who admitted he changed Plaintiff's job title with the approval of the General Manager, Adrian Georgopoulos.

20. Plaintiff then immediately began to be harassed by receiving uncommon calls from management regarding his route.

21. On December 4, 2019, Plaintiff had a meeting with Mr. Georgopoulos. At that time, he called Plaintiff an "old school work horse," adding that if he changed Plaintiff back to an hourly rate of pay he would have to terminate Plaintiff at the beginning of the year.

22. On December 9, 2019, exercising his protected right, Plaintiff contacted Defendants' corporate office to follow-up regarding his initial inquiry concerning his unpaid wages. Plaintiff also complained of harassment and unfair and disparate treatment because of his race. Plaintiff was then told that his complaint would be filed.

23. White employees' job titles were not changed and they were paid the wages for which they worked.

24. On December 10, 2019, one day after reporting discrimination to Defendants' corporate office, Plaintiff was called into the office by Schedrick Tabor. He told Plaintiff he was aware Plaintiff had contacted the corporate office and that Plaintiff was being terminated. The Plant Manager, Mike Berger, and Mike Malone, a Route Service Representative, were also present during Plaintiff's termination.

25. In retaliation and because of his race, Plaintiff was not paid wages for which he worked, and just one day after exercising his protected right to complain about discrimination and harassment, and on December 10, 2019, and also in retaliation and because of his race, Plaintiff was terminated by Defendants.

### COUNT I – DISCRIMINATION BASED ON RACE
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq.
**(Defendants Aramark Uniform Services, LLC and Aramark Uniform & Career Apparel, LLC)**

26. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

27. Title VII prohibits discrimination in employment on the basis of a person's race.

28. Plaintiff, as an African-American, is a member of a protected class.

29. From the time he was hired by Defendants on September 9, 2019, until his termination on December 10, 2019, Plaintiff, within legitimate expectation of Defendants, performed his job in a satisfactory manner.

30. Defendants discriminated against Plaintiff because of his race, African-American, by refusing to accommodate his desire of a safe and free non-discriminatory work place and would not have done so had Plaintiff not been African-American and everything else having been the same.

31. Other non-African-American, or White employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against as Defendants accommodated those employees' safe and free non-discriminatory workplace rights. This unlawful discrimination directly impacted Plaintiff's terms and conditions of employment with Defendants.

32. Plaintiff's race was a substantial and motivating factor in Defendants' decision to discriminate against Plaintiff. Defendants would not have discriminated against Plaintiff absent consideration of Plaintiff's race.

33. Defendants' discrimination constitutes unlawful discrimination in direct violation of Title VII.

WHEREFORE, Plaintiff, TERRACE JOHNSON, respectfully requests that this Court enter judgment in his favor and against the Defendants as follows:

A. Declare, decree, and adjudge that Defendants violated Title VII;

B. Grant an injunction against Defendants from violating Title VII and to protect other employees of different races from such Civil Rights violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost;

D. Order the Defendants to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F. Award the Plaintiff his reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

### COUNT II – DISCRIMINATION BASED ON RACE
### ILLINOIS HUMAN RIGHTS ACT
(Defendants Aramark Uniform Services, LLC and Aramark Uniform & Career Apparel, LLC)

34. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

35. The IHRA prohibits discrimination in employment on the basis of a person's race. The IHRA applies to prohibit against discrimination to all units of State and local government in Illinois and to all private employers and labor organizations.

36. It is the public policy of the State of Illinois that employees have the freedom from unlawful discrimination. The IHRA secures for all individuals within Illinois "the freedom from discrimination against any individual because of his or her race, color, religion, sex, national origin, ancestry, age, order of protection status, marital status, physical or mental disability, military status, sexual orientation, or unfavorable discharge from military service in connection with employment, real estate transaction, access to financial credit, and the availability of public accommodations." 775 ILCS 5/2-102.

37. The IHRA defines "unlawful discrimination" to mean discrimination against a person because of his or her race, et al. as those terms as defined in this Section. *Id*. at 5/2-102(Q).

38. Plaintiff is African-American.

39. Plaintiff was qualified to perform his job and satisfactorily performed his duties and responsibilities within Defendants' legitimate expectations.

40. Plaintiff apprised Defendants of his race.

41. Defendants discriminated against Plaintiff because of his race by refusing to accommodate his desire of a safe and free non-discriminatory work place and would not have done so had Plaintiff not been African-American and everything else having been the same.

42. Other non-African-American, or White, employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against as Defendants accommodated those employees' safe and free non-discriminatory workplace rights.

This unlawful discrimination directly impacted Plaintiff's terms and conditions of employment with Defendants.

43. Plaintiff's race was a substantial and motivating factor in Defendants' decision to discriminate against Plaintiff. Defendants would not have discriminated against Plaintiff absent consideration of Plaintiff's race.

44. Defendants' discrimination constitutes unlawful discrimination in direct violation of the IHRA.

WHEREFORE, Plaintiff, TERRACE JOHNSON, respectfully requests that this Court enter judgment in his favor and against the Defendants as follows:

A. Declare, decree, and adjudge that Defendants violated Illinois Human Rights Act;

B. Grant an injunction against Defendants from violating Illinois Human Rights Act and to protect other employees of different races from such Civil Rights violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost;

D. Order the Defendants to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F. Award the Plaintiff his reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

**COUNT III – RETALIATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et. Seq**
(Defendants Aramark Uniform Services, LLC and Aramark Uniform & Career Apparel, LLC)

45. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

46. It is unlawful and a civil rights violation for an employer to retaliate against an employee because the employee has opposed that which they reasonably and in good faith believes to be unlawful discrimination, for reporting discrimination, opposing an employer's discriminatory practices or because the employee has made a charge, filed a complaint or participated in an investigation or legal action related to discrimination under Title VII.

47. Plaintiff had engaged in a protected activity under Title VII after having reported and opposed the discriminatory practices of Defendants.

48. Plaintiff sought to protect himself against the unlawful discrimination based upon having previously opposed and reported the unlawful treatment and requesting a reasonable and safe workplace and environment.

49. Defendants' decision to discriminate against Plaintiff was motivated by an intent to retaliate against him because he had reported and complained the aforesaid complaints and unlawful treatment and because of his protected class and conduct.

50. Defendants would not have discriminated against Plaintiff had he not previously engaged in protected activity and everything else being the same.

51. Other Defendants' employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against based upon engaging in the same protected activities. This unlawful discrimination and treatment of Plaintiff directly impacted his terms and conditions of employment with Defendants.

52. As a direct and proximate result of Defendants' violations on the basis of retaliation, a result of the unlawful and willful acts complained of herein, Plaintiff has suffered economic and non-economic damages.

53. Defendants' discrimination constitutes unlawful discrimination in direct violation of Title VII.

WHEREFORE, Plaintiff, TERRACE JOHNSON, respectfully requests that this Court enter judgment in his favor and against the Defendants as follows:

A. Declare, decree, and adjudge that Defendants violated Title VII;

B. Grant an injunction against Defendants from violating Title VII and to protect other employees who engage in a protected activity from such Civil Rights violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost;

D. Order the Defendants to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F. Award the Plaintiff his reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

**COUNT IV – RETALIATION**
**ILLINOIS HUMAN RIGHTS ACT**
(Defendants Aramark Uniform Services, LLC and Aramark Uniform & Career Apparel, LLC)

54. Plaintiff realleges and incorporates by reference and all facts and allegations in all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

55. It is unlawful and a civil rights violation for an employer to retaliate against an employee because the employee has opposed that which they reasonably and in good faith believes to be unlawful discrimination, for reporting discrimination, opposing an employer's discriminatory practices or because the employee has made a charge, filed a complaint or participated in an investigation or legal action related to discrimination under the IHRA. 775 ILCS 5/6-101.

56. Plaintiff had engaged in a protected activity under IHRA after having reported and opposed the discriminatory practices of Defendants.

57. Plaintiff sought to protect himself against the unlawful discrimination based upon having previously opposed and reported the unlawful treatment and requesting a reasonable and safe workplace and environment.

58. Defendants' decision to discriminate against Plaintiff was motivated by an intent to retaliate against him because he had reported and complained the aforesaid complaints and unlawful treatment and because of his protected class and conduct.

59. Defendants would not have discriminated against Plaintiff had he not previously engaged in protected activity and everything else being the same.

60. Other Defendants' employees subjected to the same work environment, policies, procedures, and guidelines as Plaintiff were not discriminated against based upon engaging in the same protected activities. This unlawful discrimination and treatment of Plaintiff directly impacted his terms and conditions of employment with Defendants.

61. As a direct and proximate result of Defendants' violations on the basis of retaliation, a result of the unlawful and willful acts complained of herein, Plaintiff has suffered economic and non-economic damages.

62. Defendants' discrimination constitutes unlawful discrimination in direct violation of the IHRA.

WHEREFORE, Plaintiff, TERRACE JOHNSON, respectfully requests that this Court enter judgment in his favor and against the Defendants as follows:

A. Declare, decree, and adjudge that Defendants violated IHRA;

B. Grant an injunction against Defendants from violating IHRA and to protect other employees who engage in a protected activity from such Civil Rights violations;

C. Enter appropriate injunctive relief awarding the Plaintiff the back pay, front pay, wages, employee benefits, and other compensation that he was denied or lost;

D. Order the Defendant to pay the Plaintiff compensatory damages;

E. Award the Plaintiff pre-judgment and post-judgment interest to which he is entitled;

F. Award the Plaintiff his reasonable attorney's fees and costs; and

G. Award such other and further relief as it is just and appropriate, including nominal damages.

Dated: September 20, 2021

    /s   Antonio L. Jeffrey
        Attorney for Plaintiff

JEFFREY & ERWIN, LLP
Antonio L. Jeffrey (#6308345)
105 W. Madison St., #901
Chicago, Illinois 60602
(312) 583-7072
(312) 583-0888 (fax)
ajeffrey@jeffrey-erwin.com